**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.Y., L.Y., and P.Y.**

**No. 22-731** (Kanawha County 21-JA-728, 21-JA-729, and 22-JA-129)

**MEMORANDUM DECISION**

Petitioner Father T.Y.[1] appeals the Circuit Court of Kanawha County's August 29, 2022, order terminating his parental rights to A.Y., L.Y., and P.Y.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's August 29, 2022, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In December 2021, the DHHR filed a petition[3] alleging that the mother of A.Y. and L.Y., while pregnant with A.Y., overdosed in the parking lot of CAMC Women's and Children's Hospital and required four doses of Narcan to be revived. Medical personnel performed an emergency c-section on the mother because they could not detect A.Y.'s heartbeat. Drugs, drug paraphernalia, and needles were found in the mother's car. Upon birth, A.Y. tested positive for amphetamine, methamphetamine, gabapentin, and fentanyl. According to the petition, the DHHR provided services to the mother from March 11, 2019, to June 14, 2021, however she clearly resumed her substance abuse and failed to obtain any prenatal care while pregnant with A.Y. In regard to petitioner, the DHHR alleged that he failed to protect A.Y. and L.Y. from the mother's substance abuse. It is also important to note that at the time the initial petition was filed, petitioner and the mother resided together.

In February 2022, the mother of A.Y. and L.Y. stipulated to the allegations against her, and the circuit court adjudicated her of abusing and neglecting those children. In March 2022, the

---

[1]Petitioner appears by counsel Carl J. Dascoli Jr. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Matthew Smith appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]This petition did not include P.Y.

1

DHHR filed an amended petition to include P.Y., who is petitioner's child but has a different mother than the other children. According to the amended petition, P.Y.'s mother lacked stable housing and employment, admitted to abusing marijuana, and was involved in a relationship with an individual whose parental rights to his own child had been previously terminated. The DHHR admits on appeal that "no other allegations concerning [p]etitioner were changed from the first petition."[4]

In May 2022, the circuit court held an adjudicatory hearing, during which the DHHR presented testimony from two Child Protective Services workers. The court also considered the guardian ad litem's report. The court noted that, although there was no direct evidence that petitioner supplied the mother of A.Y. and L.Y. with drugs or abused drugs with her during her pregnancy, the evidence nonetheless established that petitioner and those children's mother, who lived together, both failed drug screens on the same day. In a May 17, 2022, adjudicatory order, the court concluded that petitioner was an abusing parent because he "failed to protect his children from [A.Y.'s and L.Y.'s mother's] substance abuse." Neither the order nor the transcript from this hearing contained additional findings as to how petitioner abused or neglected P.Y., who has a different mother than the other children and does not appear to have resided in the same home as the other children.

In August 2022, the circuit court held a dispositional hearing, during which the DHHR presented evidence of petitioner's failure to fully comply with services. According to one witness, petitioner "missed a lot" of his parenting and adult life skills classes, having missed half his scheduled classes in June 2022 and only attending one class in July 2022. Further, a witness indicated that petitioner produced two drugs screens that were positive for fentanyl and had missed a screen. The evidence also established that petitioner did not inquire about visitation with the children or even ask about their wellbeing. Based on the evidence, the court found that petitioner had not made sufficient efforts to rectify the circumstances that led to the filing of the petitions and that he failed to follow through with the reasonable family case plan and other rehabilitative services. The court further found that the children's best interests required termination of petitioner's parental rights. Accordingly, the court terminated petitioner's parental rights to all three children in a dispositional order entered on August 29, 2022.[5] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

---

[4]The DHHR later filed a second amended petition related to the father of a child who is not at issue on appeal.

[5]The parental rights of the mother of A.Y. and L.Y. were also terminated, while P.Y.'s mother successfully completed an improvement period. The permanency plan for A.Y. and L.Y. is adoption in their current placements, while the permanency plan for P.Y. is to remain in the mother's custody.

[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

At the outset, we must address the circuit court's adjudication of petitioner in regard to P.Y.[6] As we recently explained,

[t]o exercise subject matter jurisdiction [over a child in an abuse and neglect proceeding], the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition. Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to each child so named.

Syl. Pt. 3, *In re B.V.*, -- W. Va. --, -- S.E.2d --, 2023 WL 2769431 (April 4, 2023). Here, the court made no findings at all in regard to how P.Y. was abused and/or neglected. Instead, it explicitly adjudicated petitioner for failing to protect the children from the mother of A.Y. and L.Y., despite the fact that P.Y. has a different mother and no evidence was introduced that petitioner exposed P.Y. to the mother of A.Y. and L.Y. Simply put, there are no findings in the record specific to P.Y. and how petitioner is alleged to have abused and/or neglected that child. In accordance with *B.V.* and the requirement that specific findings as to how each child is either abused and/or neglected are necessary for a court to exercise subject matter jurisdiction, the circuit court's May 17, 2022, order adjudicating petitioner must be vacated as it pertains to petitioner's adjudication of P.Y. only. Further, the court's August 29, 2022, order terminating petitioner's parental rights must be vacated as it pertains to P.Y. only, and the matter must be remanded for the court to enter a new adjudicatory order satisfying these requirements in regard to P.Y. and for further proceedings consistent with the applicable statutes and rules governing abuse and neglect proceedings.

As to the termination of petitioner's parental rights to A.Y. and LY., however, we find no error. Before this Court, petitioner argues that it was error to terminate his parental rights "in the absence of any showing of actual abuse" by him. This argument simply has no basis in law or fact,

---

[6]We must note that, although petitioner's argument on appeal concerns his adjudication, he does not raise a specific argument concerning P.Y. We find that petitioner's arguments generally are without merit, but this Court, as more fully explained above, believes that his adjudication in regard to P.Y. requires vacation due to a lack of subject matter jurisdiction. "'This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein.' Syl. Pt. 2, *In re Boggs' Estate*, 135 W.Va. 288, 63 S.E.2d 497 (1951)." Syl. Pt. 2, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 801 S.E.2d 216 (2017).

as this Court has explained that a parent who permits another parent to abuse children can also be adjudicated for permitting that conduct. Specifically,

> we previously have held that "W. Va. Code [§ 49-1-201 (2015)], in part, defines an abused child to include one whose parent knowingly allows another person to commit the abuse." Syl. pt. 3, in part, *In re Betty J.W.*, 179 W.Va. 605, 371 S.E.2d 326 (1988). Moreover,
>
>> [t]he term "knowingly" as used in West Virginia Code § [49-1-201] does not require that a parent actually be present at the time the abuse occurs, but rather that the parent was presented with sufficient facts from which he/she could have and should have recognized that abuse has occurred.
>
> Syl. pt. 7, *West Virginia Dep't of Health & Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Thus, for a child to be determined to be an "abused child," the parent charged with such abuse need not commit the abuse him/herself, so long as he/she knew that the subject abuse was being perpetrated, even if the alleged abuse occurs outside of the presence of the parent charged with such abuse. *Id*.

*In re A.L.C.M.*, 239 W. Va. 382, 392, 801 S.E.2d 260, 270 (2017). Here, the court found that petitioner resided with the mother and, in fact, provided a positive drug screen on the same day the mother provided a positive screen. While it is true that there was no direct evidence that petitioner supplied the mother with drugs or abused drugs with her, the evidence is more than sufficient to satisfy the requirement that petitioner "knowingly" allowed her to abuse A.Y. and L.Y. *See* Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) ("[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." (citations omitted)). Accordingly, because petitioner's argument that termination of his rights to A.Y. and L.Y. was erroneous in the absence of a proper adjudication, he is entitled to no relief.

For the foregoing reasons, we vacate, in part, the circuit court's May 17, 2022, adjudicatory order as it relates to petitioner's adjudication of P.Y. only; vacate, in part, the August 29, 2022, order terminating petitioner's parental rights as it pertains to P.Y. only;[7] and remand this matter to the circuit court for further proceedings, including but not limited to the entry of an order setting out the requisite findings as to whether P.Y. met the statutory definitions of an abused or neglected child. *See* W. Va. Code § 49-1-201. To the extent that evidence in the record does not support such a determination, we further direct the circuit court to undertake such proceedings as may be

---

[7]The vacation of these orders applies only to petitioner. Those orders also adjudicated and terminated the parental rights of other adult respondents, and they did not appeal those decisions. Accordingly, the portions of the orders concerning the other adult respondents remain in full force and effect.

necessary to ascertain whether P.Y. met the statutory definitions of an abused or neglected child. The court is further directed to undertake any additional proceedings consistent with the applicable rules and statutes. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed, in part, Vacated, in part, and Remanded, with directions.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn